IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS FULBRIGHT, § <br> #48289-177, § <br> MOVANT, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> RESPONDENT. § | § <br> § <br> § <br> § <br> CASE NO. 3:22-CV-1576-B-BK <br> (CRIMINAL NO. 3:14-CR-215-B-1) <br> § <br> § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Movant Marcus Fulbright's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the § 2255 motion should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

I. **BACKGROUND**

Fulbright pled guilty to two-counts of using a firearm during and in relation to a crime of violence and was sentenced to an aggregate term of 384 months' imprisonment—84 months on the first 18 U.S.C. § 924(c) conviction and a consecutive term of 300 months on the second. *United States v. Fulbright*, No. 3:14-CR-215-B-1, Crim. Doc. 74 at 1 (N.D. Tex. Nov. 8, 2016), *appeal dismissed as frivolous*, 712 F. App'x 464 (5th Cir. Feb. 20, 2018) (per curiam). The Court later denied Fulbright's first § 2255 motion. *Fulbright v. United States*, No. 3:19-CV-222-B-BK, 2020 WL 5995975, at *1 (N.D. Tex. Sep. 15, 2020), *R. & R. accepted*, 2020 WL

5993645, at *1 (N.D. Tex. Oct. 9, 2020). The Court also denied without prejudice as unexhausted his motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A). Crim. Doc. 105; Crim. Doc. 106.

In the motion *sub judice*, Fulbright again seeks § 2255 relief. He now relies on the recent holding in *United States v. Taylor*, ___ U.S. ___, 142 S. Ct. 2015, 2021 (2022), that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c)(3)(A). Doc. 9 at 4-6. Fulbright also relies on the holding in *Concepcion v. United States*, ___ U.S. ___, 142 S. Ct. 2389 (2022), and the First Step Act of 2018. Doc. 9 at 7-8. The Court of Appeals, however, denied Fulbright leave to file a successive motion alleging *Taylor* and *Concepcion*. *See In re Fulbright*, No. 22-10698 (5th Cir. Aug. 9, 2022). This Court therefore lacks jurisdiction over the instant, successive § 2255 motion.

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a movant may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In general, to raise a new claim, the movant must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam). Before a movant may file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima

facie showing. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the movant permission to file such an application. *See Davis v. Sumlin*, 999 F.3d 278, 279 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 492 (2021) ("[Petitioner] never sought or obtained that permission, so the district court had no jurisdiction to accept the second-or-successive petition—much less to consider the merits of it."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive § 2255 motion. Because Fulbright must obtain such an order before he can file a successive application challenging his conviction, this § 2255 motion should be dismissed without prejudice for want of jurisdiction.

### III. CONCLUSION

For these reasons, it is recommended that Fulbright's successive § 2255 motion be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

**SO RECOMMENDED** on December 4, 2022.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).