UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS FULBRIGHT, #48289-177 | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:22-CV-1576-B-BK |
| | § | (CRIMINAL CASE NO. 3:14-CR-215-B-1) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## AMENDED ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On December 4, 2022, the United States Magistrate Judge made findings, conclusions and a recommendation in this case. On December 27, 2022, Movant filed a motion for extension of time to object and on December 30, 2022, filed his objections.  Doc. 13; Doc. 15. He also filed a motion requesting copies of court documents. Doc. 14. Movant certifies placing the motion for extension and the objections in the prison mailbox on December 13 and 18, respectively.

By order filed December 20, 2022, the Court accepted the *Findings, Conclusions, and Recommendation of the United States Magistrate Judge*, not having seen Movant's objections, and entered *Judgment* dismissing Movant's successive motion under 28 U.S.C. § 2255 for want of jurisdiction and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit.  Doc. 11; Doc. 12.  The Court now considers Movant's objections. As they were timely placed in the prison mailbox, his motion for extension of time is denied as moot.

The Court has reviewed de novo those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings,

conclusions, and recommendation for plain error. Movant asserts that the holding in *United States v. Taylor*, ___ U.S. ___, 142 S. Ct. 2015, 2021 (2022), that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c)(3)(A), impacts his Count 4 conviction under 18 U.S.C. § 924(c) as it is predicated on attempted Hobbs Act robbery. He also relies on *Concepcion v. United States*, ___ U.S. ___, 142 S. Ct. 2389 (2022). Movant asserts actual innocence and a "miscarriage of justice" as grounds for his successive § 2255 motion. He also relies on § 2255(a), Rule 60(b)(6) and § 2255(f)(3).

But Movant's problem is that he did not obtain authorization to file a successive application challenging his conviction from the Fifth Circuit Court of Appeals as required by 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3)(A) and (B). Indeed, the Fifth Circuit recently denied him leave to file a successive application raising claims under both *Taylor* and *Concepcion*. Consequently, this Court lacks jurisdiction over Movant's successive § 2255 motion.

Further, Movant's reliance on Fed. R. Civ. P. 60(b) to challenge the sentence imposed in his criminal case is misplaced. "Rule 60(b) applies only to civil cases and 'simply does not provide relief from a judgment in a criminal case.'" *United States v. Flores*, 380 Fed. Appx. 371, 372 (5th Cir. 2010) (per curiam) (quoting *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999)). Likewise, since the Court lacks jurisdiction over the successive motion, neither § 2255(a) nor § 2255(f)(3) are relevant at this juncture.

Accordingly, Movant's objections are OVERRULED, and the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Movant's motion for extension of time to file objections is DENIED as moot.

Movant's motion for a copy of the second superseding indictment, plea agreement and re-arraignment and sentencing transcripts is GRANTED for this time in light of his *pro se* status and

showing of need and relevance.  *See* 28 U.S.C. § 2250.  The Clerk of the court is DIRECTED to transmit to Movant a copy of Doc. Nos. 47, 54, 81, and 82.

SO ORDERED this 11th day of January, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE